THOMAS O'KEEFE, PETITIONER-APPELLEE, v. JOHANSEN
CO., RESPONDENT-APPELLANT.

Morris County Court
Law Division

Decided December 2, 1971.

Mr. *Ronald W. Bronstein* for petitioner-respondent (*Mr. Richard J. Traynor,* attorney).

Mr. *Eugene G. Galvin* for respondent-appellant (*Messrs. Carroll & Galvin,* attorneys).

MUIR, J. C. C. This is an appeal pursuant to *N. J. S. A.* 34:15–66 and *R.* 4:74–1 *et seq.* from a judgment of the Division of Workmen's Compensation. The basis for the appeal is very narrow and one bearing on the refusal of the Division to set aside a judgment on grounds of lack of jurisdiction.

A chronology of the undisputed events leading up to the refusal is required before an elucidation of the issue at bar can be made.

The original petition for workmen's compensation, based on an injury received August 7, 1963, resulted, on July 29, 1966, in an award of 72 weeks' temporary disability at $45 a week; permanent disability of 25% of the left leg; 6% of total for orthopedic disability, and 7½% of total for neurological disability. Based upon *N. J. S. A.* 34:15–12 the permanent disability award amounted to 143 weeks at $40 a week, or $5,720. The total weeks involved for temporary and permanent disability were 215. The award was

paid by respondent-appellant. The last check to petitioner was dated September 11, 1967 and indicated it covered the period of August 31 to September 27, 1967. It is stipulated by both parties that the 215 weeks' compensation ran out September 20, 1967 and the last check represented a seven-day overpayment.

Petitioner, on September 24, 1969, filed for review of the award under *N. J. S. A.* 34:15-27, exactly two years and four days after the last scheduled payment of the award but within the time set forth in the last check of respondent's insurance company. A judgment was entered on that petition on May 6, 1971, awarding an additional 10% disability of the leg — the incapacity having increased by that amount. The increase was consented to by respondent.

The September 24, 1969 petition was contested by respondent on the ground petitioner was out of time under *N. J. S. A.* 34:15-27. On July 17, 1971 respondent's motion to set aside the May 6 increased disability award, on the same ground, was denied. Respondent's appeal is from that denial. No other issue is raised on the appeal.

The narrowly shaped issue is whether petitioner, who filed for review within two years of last payment, is out of time under *N. J. S. A.* 34:15-27 when the last payment by respondent errantly went beyond the award of judgment time period by one week. There is no case in point in New Jersey.

This State recognizes that statutory time limitations are jurisdictional. *Riccioni v. American Cyanamid Co.,* 26 *N. J. Super.* 1, 4 (App. Div. 1953). It is also clear that the jurisdiction of the Workmen's Compensation Division cannot be expanded by consent, waiver, estoppel or judicial inclination. *Id.* at 5.

3 *Larson's Workmen's Compensation Law,* § 81.20 at 324 (1971), in discussing the re-opener law states that "voluntary payments after the time limit has expired will not revive the period within which a petition for additional benefits can be filed." Reliance for the statement is the case

*B. F. Goodrich Co. v. Parker*, 282 *Ala.* 151, 209 *So.* 2d 647 (Sup. Ct. 1968). Alabama has a one-year time limitation on re-opening compensation claims, and the court in applying the time limitation strictly on jurisdictional grounds found that voluntary payments did not toll the statute. The analogous situation here cannot toll the statute, even for four days. The payment for the period September 21 to 27, though mistakenly made, does not toll the statute.

Petitioner asserts the court should rely on those cases where the legislative policy of extending the time period for filing is recognized to avoid a misleading of the injured party. *Mangieri v. Spring Tool Co.*, 68 *N. J. Super.* 211 (Law Div. 1961). While this might be the judicial inclination, doing so here would be asserting an estoppel against the employer. There was no evidence or assertion of a fraudulent intent to mislead — just an honest mistake. Waiver and estoppel are not grounds for tolling the statute. *DeAsio v. Bayonne*, 62 *N. J. Super.* 232 (App. Div. 1960).

The date of last payment under the award was September 20, 1967. No re-opener could be filed after September 20, 1967. The time limitation is a legislative decision, and not one for this court to set aside. *Oleyar v. Swift & Co.*, 51 *N. J.* 470, 471 (1968).