MAKI *v.* SCHOOL DISTRICT OF WAKEFIELD TOWNSHIP.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—NOTICE OF INJURY—WAIVER.

> Voluntary payment of compensation by an employer to an injured employee was a distinct recognition of liability and waived the notice of injury and claim of compensation required by the workmen's compensation act.[1]

[1] Workmen's Compensation Acts, C. J. § 102 (Anno), § 103.

Applicability of general statute of limitations to actions of proceeding under workmen's compensation acts, see note in 16 A. L. R. 462.

Excuses for not giving notice of injury or claim for compensation, see notes in L. R. A. 1917D, 141; L. R. A. 1918E, 564.

235—Mich.—44.

2. SAME—VOLUNTARY PAYMENT OF COMPENSATION—RIGHT OF DE-
PARTMENT TO DETERMINE FURTHER COMPENSATION.

Where an employer voluntarily paid compensation to an
injured employee for a time, and then discontinued pay-
ments, on the employee's petition for further compensa-
tion, the questions as to whether he was entitled to further
compensation, and if so, how much, lay with the depart-
ment of labor and industry the same as though it had de-
termined the compensation in the first instance.[2]

3. SAME — STATUTE OF LIMITATIONS VOIDABLE DEFENSE — NOTICE
REQUIRED.

The statute of limitations is a voidable defense and cannot
be shown in proceedings under the workmen's compen-
sation act unless notice thereof is given as required by
Rule No. 4, promulgated by the department of labor and
industry.[3]

4. CERTIORARI—COURT RULE—ASSIGNMENT NOT ARGUED NOT CON-
SIDERED.

Under Supreme Court Rule No. 40, an assignment in the
affidavit for certiorari, not argued or referred to in the
briefs, will not be considered by the Supreme Court.[4]

Certiorari to Department of Labor and Industry.
Submitted June 24, 1926.     (Docket No. 39.)     De-
cided July 22, 1926.

Emil Maki presented his claim for compensation
against the school district of the township of Wakefield
for an accidental injury in defendant's employ.     From
an order awarding compensation, defendant brings
certiorari.     Affirmed.

*William S. Baird,* for appellant.

*Jones & Patek,* for appellee.

BIRD, C. J.     On October 26, 1917, plaintiff was em-
ployed by defendant constructing a water line to its
school buildings.     While so engaged a piece of brush

[2]Workmen's Compensation Acts, C. J. § 109 (Anno); [3]Id., C.
J. § 109 (Anno); [4]Appeal and Error, 4 C. J. § 3057.

hit him in the eye and injured it.     The injury resulted in the formation of an ulcer.     When the ulcer cleared away it left a scar on the pupil, which materially diminished his sight.     The following day plaintiff informed Mr. Salzmeyer, the superintendent of the work, of the accident, and claimed compensation. Compensation was later agreed upon and voluntarily paid for six months by the defendant.     At the end of that time the defendant refused to make further payments.     The matter rested in this way until March, 1925, when plaintiff filed his petition with the compensation board for further allowance.     After a hearing the arbitration board refused to make any further allowance.     On appeal to the full board, plaintiff was given an award.

Counsel, in oral argument and briefs, have spent much time discussing the question as to whether any official or member of defendant's board had notice of the accident and received claim for compensation.     We think this is a useless argument, because it is conceded in the record that the school officials recognized its liability and agreed with plaintiff for compensation and voluntarily paid it regularly for six months.     This action upon the part of the school officials eliminates the question of notice of injury, notice of claim, and was a distinct recognition of its liability.     The question then is:     Was plaintiff entitled to further compensation, and if so, how much?     These questions lay with the compensation board, the same as though it had determined compensation in the first instance. But counsel says the application for additional compensation was not made soon enough, and that the general statute of limitations had run against it.     This question might be before us if counsel for the defendant had raised the question in its pleadings and filed it with the board.     The statute of limitations is a voidable defense and cannot be shown unless notice

is given of the defense.    Rule No. 4 promulgated by·
the compensation board, and approved by this court
in *Roach* v. *Kelsey Wheel Co.,* 200 Mich. 299, requires
notice, as follows:

"If the employer denies liability in case where a
claim for compensation is filed by an injured employee
or his dependents, such denial shall be filed in dupli-
cate with the commission in writing by such employer
and shall set forth with reasonable detail and certainty
the facts and circumstances upon which he relies as
a defense to such claim.    Upon the filing of such denial
in the office of the commission, a copy of same shall
be furnished to the claimant, so that he will have such
seasonable information as to the nature and particu-
lars of the employer's defense as may be reasonably
necessary to enable him to procure witnesses and pre-
pare for the hearing.    Respondents will be limited to
the grounds of defense so stated on the arbitration
hearing and also on review before the commission:
*Provided,* that in exceptional cases and for good cause
shown respondents may be permitted to amend such
denial of liability, which is in the nature of a plea,
but such amendment will not be allowed in cases where
it would be inequitable or result in surprise to the
opposite party.    Failure or refusal to seasonably file
such denial shall be deemed an admission of liability.
One of the fundamental purposes of this rule is to
prevent parties from concealing their defense in a case
until the opposite party has submitted his proofs,
thereby misleading him to his injury."

This notice was not made and filed as required by
this rule.    No hint was given in the notice that was
filed by defendant that it would rely upon the statute
of limitations.    The failure to give this notice pre-
cludes the defendant from making this defense.
*Wheat* v. *Clark & Hulse,* 227 Mich. 556.

In the affidavit for certiorari, which the defendant
filed in this court, error is assigned on the holding of
the compensation board that ·plaintiff had, within the

meaning of the compensation law, lost an eye.    Notwithstanding this assignment, counsel for defendant has not argued that question nor referred to it in any of the briefs he has filed in this court.    Therefore, under Supreme Court Rule No. 40, that assignment will not be considered.

*Walsh* v. *Railway Co.,* 185 Mich. 177; *In re Warring's Estate,* 196 Mich. 720; *Ward* v. *Carey,* 200 Mich. 217; *People* v. *Oprita,* 213 Mich. 13.

As this disposes of all the questions raised by defendant, the award made by the industrial board will be affirmed, with costs to the plaintiff.

SHARPE, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.