BAILEY, Appellant, v. HESS, et al, Respondents.

(227 N. W. 69.)

(File No. 6647. Opinion filed October 15, 1929.)

*McFarland & Kremer,* of Watertown, for Appellant.

*Case & Case,* of Watertown, for Respondents.

MISER, C. The husband of appellant was employed by respondents. On August 13, 1925, he fell down an elevator shaft and was killed. Thereafter, on August 14, 1925, respondents made the report to the Industrial Commissioner required by section 9478, Rev. Code 1919, showing that the employer was operating under the Workmen's Compensation Act (Rev. Code 1919, § 9436 et seq.) with liability insured in the Integrity Mutual Casualty Company. This report was filed with the Industrial Commissioner on August 19, 1925. On September 1, 1925, Mrs. Bailey gave written notice to respondents of her husband's death while in respondents' employment. This claim for compensation, if such it was intended to be, was not filed with the Industrial Commissioner as required by section 9457, Rev. Code 1919. Thereafter, appellant and respondents agreed that $2.50 per day for a total of $3,000 should be paid to appellant under the South Dakota Compensation Law, and a memorandum of that agreement showing that said employers had insured their liability thereunder with the Integrity Mutual Casualty Company was filed on August 29, 1927, and approved by the Industrial Commissioner on August 29, 1927, in accordance with section 9467, Rev. Code 1919. This memorandum of agreement does not show when it was signed or the settlement made; but, on November 9, 1925, appellant received from the Integrity Mutual Casualty Company the sum of $180 and executed a receipt for that amount for compensation under the South Dakota Workmen's Compensation Law; and thereafter, from November 9, 1925, to May 8, 1926, appellant received from the casualty company weekly payments in accordance with the memorandum of agreement, and executed receipts therefor which were filed with the Industrial Commissioner. In May, 1926, the casualty company became insolvent and made no further payments under the agreement, leaving a balance unpaid of $2,430. On September 20, 1927, appellant instituted proceedings

in the circuit court under section 9475, Rev. Code 1919, presenting to the circuit court a certified copy of the memorandum of agreement as approved by the commissioner and all papers in connection therewith, and asking the court to render decree in accordance therewith.

Respondents objected that the circuit court was without jurisdiction to enter such decree, claiming that appellant's right to compensation was barred under section 9457, because no claim for compensation had been filed with the Industrial Commissioner. On this objection, the petition of appellant for a judgment against respondents was denied and the proceeding dismissed; and from this order and decree this appeal has been taken.

Section 9467 is as follows: "If the employer and employee reach an agreement in regard to the compensation under this law, a memorandum thereof shall be filed with the industrial commissioner by the employer or employee, and unless the commissioner shall, within twenty days, notify the employer and employee of his disapproval of the agreement, by registered letter sent to their addresses as given on the memorandum filed, the agreement shall stand as approved and be enforcible for all purposes under the provisions of this article."

Section 9475 is in part as follows: "Any party in interest may present a certified copy of an order or decision of the commissioner *or a decision of a board of arbitration from which no claim for review has been filed within the time allowed therefor, or a memorandum of agreement approved by the commissioner,* and all papers in connection therewith, to the circuit court of the county in which the injury occurred, whereupon the court shall render a decree in accordance therewith and notify the parties."

Section 9457 is as follows: "The right to compensation under this article shall be forever barred unless, within one year after the injury or, if death results therefrom, within one year after such death, a claim for compensation thereunder shall be filed with the Industrial Commissioner."

Respondents contend that the provisions of section 9457 are mandatory and require that the claim be filed in order to give the Industrial Commissioner jurisdiction to enter an award. In support of their contention respondents cite many cases well supported by authority. Particularly well supported is Mingus v. Wadley, 115

Tex. 551, 285 S. W. 1084; but in none of the cases cited by respondent was there under consideration the exact question here presented, that is, whether, when the employer and the employee have reached an agreement in regard to compensation, executed a memorandum of that agreement, filed it with the Industrial Commissioner and secured his approval, all as provided by section 9467, the circuit court is without jurisdiction to enter a decree as provided by section 9475, because the employee has not filed a claim for compensation with the Industrial Commissioner within one year after the injury, as required by section 9457.

It is apparent from the language of section 9475 above quoted that the decree may be based upon either a decision of a commissioner, or a decision of a board of arbitration, or a memorandum of agreement approved by the commissioner. In Beckwith's Estate v. Spooner, 183 Mich. 323, 149 N. W. 971, 972, Ann. Cas. 1916E, 886, it is said that the agreement as to compensation "filed with and approved by the board, is the substitute for, and, under the statute, the legal equivalent of, an arbitral award. They have equal force and like standing when, to enforce recovery it becomes necessary to put them in judgment in the circuit court."

In Garbouska's Case, 124 Me. 404, 130 A. 180, construing the Maine Workmen's Compensation Act, which also contains a section providing that no proceedings for compensation for an injury under that act shall be maintained unless the claim for compensation shall have been made within one year after the occurrence of the injury, the court said: "Under the act and subject to official approval and record, an employer and injured employee may agree upon the compensation. If there be no approved agreement, redress is by petition. * * * The filing of an agreement or petition is action essential to the allowing of compensation."

In Maki v. School District of Wakefield Tp., 235 Mich. 689, 209 N. W. 840, the Michigan court says: "Counsel, in oral argument and briefs, have spent much time discussing the question as to whether any official or member of defendant's board had notice of the accident and received claim for compensation. We think this is a useless argument, because it is conceded in the record that the school officials recognized its liability, and agreed with the plaintiffs for compensation, and voluntarily paid it regularly for six months. This action upon the part of the school officials elimi-

nates the question of notice of injury, notice of claim, and was a distinct recognition of its liability." On this point see also 28 R. C. L. 826; Corpus Juris Treatise, Workmen's Compensation Act, § 106, p. 108.

The purpose of requiring the filing with the Industrial Commissioner of a claim for compensation within a year after the injury or death is to give an opportunity for investigation of the claim when the matter is fresh in the minds of those who saw or knew of the accident; and the requirement of section 9457 is a just and reasonable one. When, however, the employer and employee have reached an agreement in regard to the compensation under the Workmen's Compensation Law, filed a memorandum thereof with the Industrial Commissioner, and secured his approval of the agreement, the employee no longer has a mere inchoate right of compensation; his rights have been determined to the same extent as though an order or decision of the Industrial Commissioner had been made, or to the same extent as if a decision of a board of arbitration had been rendered from which no claim for review had been filed within the time allowed therefor. To permit the employer to thereafter avoid liability merely because no claim for compensation had been filed with the Industrial Commissioner within a year would neither be just nor reasonable. To construe section 9457 as construed by respondents would be to disregard other sections in the article of which it is part.

For all the reasons hereinbefore stated, we are of the opinion that the refusal of the trial court to enter decree as prayed for was error, and that this cause should be remanded to the circuit court with directions to enter judgment as prayed for. It is so ordered.

SHERWOOD, P. J., and POLLEY, CAMPBELL, BURCH, and BROWN, JJ., concur.