MIDDLETON, Respondent, v. CITY OF WATERTOWN,
et al., Appellants

(16 N. W.2d 39.)

(File No. 8737.   Opinion filed October 16, 1944.)

**Caldwell & Burns,** of Sioux Falls, for Appellants.
**D. K. Loucks,** of Watertown, for Respondent.

SICKEL, J.   The plaintiff is a lineman employed by the city of Watertown, defendant, in the operation of its municipal light plant.   The South Dakota Employers Protective Association, defendant, insured the liability of the city under the Workmen's Compensation Law.

On December 18, 1939, Middleton was injured by the fall of a pole.   The injuries consisted of a broken left knee and a bruised right knee.   They resulted in total disability until April 1st, 1940, when he returned to work.   Some time later he was taken to a hospital for an operation to remove a plate. Another operation was performed about March 11, 1942 for removal of pieces of bone from the knee joint.

On March 2, 1940, Middleton, the city and the insurer signed what is called "the standard form for agreement as to compensation."   By this instrument it was agreed between them that Middleton should be paid compensation at the rate of $15 per week, based on an average annual wage of $1620, beginning December 19, 1939, and continuing "until terminated in accordance with the Workmen's Compensation Law of South Dakota."   This agreement was approved by the Deputy Industrial Commissioner March 4, 1940, and filed. The insurer made all payments due under the agreement until October 31st, 1940, amounting to $420.   No receipt for final settlement has been filed.

On December 31, 1942, the employee filed a petition for hearing on an additional claim for partial and permanent loss of the use of his left leg.   After a hearing thereon, the Commissioner made an award in the sum of $1200.   This decision was appealed to the circuit court and affirmed on March 23, 1944.   The defendants then appeal to this court.

Appellants contend that the claim for permanent and partial disability  is barred by § 64.0611 of the Code, which provides:

"The right to compensation under this title shall be forever barred unless within one year after the injury, or if

death results therefrom, within one year after such death, a claim for compensation thereunder shall be filed with the Industrial Commissioner."

■ The agreement referred to above was executed by the employee, the employer and the insurer, approved by the Deputy Industrial Commissioner and filed within a year after the injury. This agreement was the equivalent of a claim for compensation within the meaning of § 64.0611, quoted above. Bailey v. Hess, 55 S. D. 602, 227 N. W. 69. The injuries covered by the agreement included the same knee injury for which the claim for partial and permanent disability is made in this action. The agreement allows compensation for the period of temporary, total disability only, and does not refer to or recognize any claim for partial and permanent loss of the use of the employee's left leg. No claim for partial and permanent disability was made by the respondent until he filed the petition for additional allowance two years after the injury.

The agreement for compensation, approved by the Industrial Commissioner and filed, is subject to § 64.0609 of the Code, which provides:

"Any payment to be made under this title may be reviewed by the Commissioner at the request of the employer or of the employee and on such review it may be ended, diminished, or increased subject to the maximum or minimum amounts provided for in this title, if the Commissioner finds the condition of the employee warrants such action."

By the provisions of this statute the filing of the agreement conferred continuing jurisdiction upon the Industrial Commissioner for the determination of all questions of future liability due to the original injury and based on changes in the condition of the employee occurring subsequent to the original award, nothwithstanding the statute of limitations referred to above. Chittenden v. Jarvis et al., 68 S. D. 5, 297 N. W. 787; Union Compress & Warehouse Co. v. Evans et al., 153 Okl. 100, 5 P. 2d 155; Ehrhart v. Industrial Acc. Commission, 172 Cal. 621, 158 P. 193, Ann. Cas. 1917E, 465.

■ At the time the agreement was made the condition of permanent disability was not ascertainable. This is shown

by the fact that two operations were performed on the left knee after the date of the agreement, for the purpose of restoring the full use of the leg. The record shows that after the operations and at the time of the hearing on this claim the injury to the left knee had become permanent, resulting in fifty per cent loss in the use of the left leg. This established the fact that there was such a change in the condition of the employee after the original award that a review of payments by the Industrial Commissioner was authorized by § 64.0609 of the Code.

Appellants also claim that any award made to the respondent in this action should be reduced by the amount of wages paid by the city to the employee during disability.

There is no evidence to show that the wages paid to the employee during disability were paid under any agreement that the employer was to receive credit therefor on any future award. Therefore the amount of the wages paid by the city in excess of the award amounted to a gratuity. Such gratuity could not be used by the city as a setoff against its statutory liability to the employee under the Workmen's Compensation Act, and consequently such payments did not affect the liability of the insurance company to the employee. Hartford Accident & Indemnity Co. v. Hay, 159 Tenn. 202, 17 S. W.2d 904; Ogden City v. Industrial Commission of Utah, 57 Utah 221, 193 P. 857; General Accident Fire & Life Assur. Corporation v. Industrial Commission et al., 221 Wis 544, 266 N. W. 226.

For the reasons stated the judgment of the trial court is confirmed.

All the Judges concur.