KLEIN, Respondent v. MENKE, Appellant

(162 N.W.2d 219)

(File No. 10526. Opinion filed October 30, 1968)

**Howard B. Crandall,** Sioux Falls, for appellants.

**Charles Rick Johnson,** of **Johnson & Johnson,** Gregory, for respondent.

HOMEYER, Judge.

The Industrial Commissioner denied the claim of Victor M. Klein for workmen's compensation benefits on the ground that it was barred by the statute of limitations. On appeal to the circuit court, the Commissioner was reversed and the matter remanded to him for consideration on its merits. The employer and his insurer have appealed to this court.

Claimant-respondent sustained an injury by accident on September 21, 1964, while roping a calf on the ranch of his employer, Fred Menke. He was immediately taken to the office of Dr. Robert H. Hayes at Winner by his employer. Dr. Hayes took an x-ray, diagnosed his injury as a fracture of the left 8th rib with abrasions on the chest area, and treated him by immobilization in a rib binder and dressings. Claimant returned to work on September 25, 1964. He continued to work for Menke for about one month and then he says he quit because of back trouble. He was hospitalized in a veteran's hospital from November 4, 1964 to November 25, 1964, and again from September 23, 1965, to November 24, 1965. Among his claims is one for permanent partial disability alleged to have resulted from the accident on September 21, 1964.

On the date of the accident the employer completed the standard form No. 6 for "First Report of Injury" and his insurer filed it with the Industrial Commissioner on September 25, 1964, as required by SDC 64.0505. On October 29, 1964, Dr. Hayes completed form No. 5 for the insurer. It shows no disability and that the patient was able to return to work. This was attached to form No. 6A, "Employer's Supplemental Report of Injury" dated November 3, 1964, which the insurer filed with the Commissioner on November 5, 1964.[1] Form No. 6A shows no disability; that the injured return to work at the same wages; that no workmen's compensation was paid;[2] that medical expense paid was $28.00; that no memorandum of agreement as to compensation or receipt had been signed. It also contained the note: "Closing this claim, enc. Form 5". On August 12, 1966, Klein through his attorney made and filed with the Industrial Commissioner his claim for benefits under the Workmen's Compensation Law and requested a hearing.

> SDC 64.0611 provides: "The right to compensation under this title shall be forever barred unless within one year after the injury, or if death results therefrom, within one year after such death, a claim for compensation thereunder shall be filed with the Industrial Commissioner."

> SDC 64.0403(3) provides in part: "If, after the injury has been sustained, the employee * * * becomes partially incapacitated * * *. Return by the employee to the employment of the employer in whose service he was injured shall not bar his claim for compensation under this subdivision, if notice of such claim is filed with the Commissioner within eighteen months after such return to such employment."

This court has said that the latter statute lengthens the time for filing claims when a compensable injury has been sustained and the claimant has returned to his employment. Lang v. Jor-

---

1. SDC 64.0505 requires that upon the termination of the disability the employer shall make a Supplemental Report to the Commissioner.
2. SDC 64.0403(1) allows no compensation where the injured is incapacitated for less than seven days.

dan Stone Co., 61 S.D. 330, 249 N.W. 314; Wilcox v. John Morrell & Co., 69 S.D. 488, 12 N.W.2d 15.

It is undisputed that no claim was filed until August 12, 1966, which would be more than 22 months after Klein returned to his employment. The employer had knowledge of the injury, but the Act not only requires such knowledge, or that the employee give written notice of injury, SDC 64.0601-64.0602, it also requires a claim for compensation to be made and filed with the Industrial Commissioner either within one year after the injury, or within eighteen months after a return to employment, if that statute applies.

■ ■ The reports hereinbefore mentioned which were filed with the Industrial Commissioner by the appellants do not constitute the filing of a claim as required by our statutes. The employer or his insurer must make these reports even though no claim for benefits is made. If such reports were considered sufficient to constitute the filing of a claim, it would never be necessary for the employee to comply with the statutory requirement to file a claim with the Industrial Commissioner within a year of the injury or within eighteen months after return to his employment after injury. In our opinion failure to file as required by statute bars respondent's claim. Jonke v. Northern States Power Co., 60 S.D. 620, 245 N.W. 471; Wilcox v. John Morrell & Co., supra; Weber v. Reihsen Mercantile Corporation, 77 S.D. 377, 92 N.W.2d 154.

■ ■ The payment of the medical expense to Dr. Hayes in the amount of $28.00 as shown on forms Nos. 5 and 6A does not change the result. SDC 64.0401 requires the employer to provide necessary medical services in addition to other compensation. See Weber v. Reihsen Mercantile Corporation, supra. Where the employer does only what the Act requires of him, he does not thereby waive the protective shield of the statute. Medical services rendered and paid for 22 months before a claim was filed did not relieve claimant from complying with the statute. Neither did the doctor's report to the insurer filed as stated, supra, constitute a claim filed within the meaning of the statute.

The trial court in reversing the Commissioner relied primarily upon the recent case of Tegels v. Western Chevrolet Co., 81 S.D. 592, 139 N.W.2d 281, and respondent urges this decision and language used therein to sustain his position. What the court said must be read in the light of the facts of that case which we believe are materially different. In Tegels compensation was paid the claimant weekly and receipts were filed with the Commissioner. Correspondence from the insurer revealed that he was told payments would continue until he returned to work or he was discharged by his doctors. After payments were regularly made for 13 weeks, the insurer discontinued them over the apparent objection of the claimant. Immediately afterwards a letter was written to the insurer by a law firm on behalf of claimant and a copy filed with the Industrial Commissioner. Medical and hospital expenses continued to be paid.

In Tegels the documents before the Commissioner were tantamount to an agreement to pay compensation recognized by this court in Bailey v. Hess, 55 S.D. 602, 227 N.W. 69, and Middleton v. City of Watertown, 70 S.D. 158, 16 N.W.2d 39, as dispensing with the necessity to file a formal claim for compensation with the Commissioner. SDC 64.0509. Consequently, such payment could be reviewed under SDC 64.0609.[3] The court also alluded to the letter written. In Barwin v. Ind. School District, 61 S.D. 275, 248 N.W. 257, a widow's letter to the Commissioner indicating a desire to file a claim for compensation because of the death of her husband was held sufficient.

■ The record in this case is barren of any instrument indicating a pending claim before the Commissioner within the period of the statute of limitations. The documents in the file of the Commissioner reveal nothing more than that respondent sustained an injury by accident arising out of and in the course of his employment; that he was treated by a doctor; that the doctor bill was paid; that he returned to his employment be-

---

3. "Any payment to be made under this title may be reviewed by the Commissioner at the request of the employer or of the employee and on such review it may be ended, diminished, or increased subject to the maximum or minimum amounts provided for in this title, if the Commissioner finds the condition of the employee warrants such action."

fore being entitled to compensation; that the file was closed. The employer and his insurer did all that was required of them. Respondent did nothing until after his claim was barred by the statute.

Respondent also argues that appellants should be estopped from asserting the statute of limitations as a bar in this proceeding. The thrust of this argument is that claimant is a man of very limited education and because he was contacted by the insurer a number of times before the time for filing had elapsed and was offered a check for $100 in settlement which he returned, the doctrine of equitable estoppel should apply.

■ This court in Weber v. Reihsen Mercantile Corporation, supra, after quoting SDC 64.0611 and SDC 64.0403(3) said: "The conceded effect of these statutory requirements is that the making of a claim for compensation within the time fixed is a condition precedent to the right to maintain such a proceeding." Thus it appears we are aligned with those courts where "the making or filing of a claim within the required time is jurisdictional * * * being an essential element of the right to compensation." 100 C.J.S. Workmen's Compensation § 468(2), pp. 363, 364. Where the making or filing of a timely claim is jurisdictional it cannot be waived or avoided on equitable grounds such as by a waiver or an estoppel. 100 C.J.S. Workmen's Compensation § 483a, pp. 408, 409.

■■ Nevertheless, we have reviewed the record and are satisfied that the evidence would not require the Commissioner to find an estoppel. It does not require a finding that appellants either by word or by conduct misled respondent or prevented him from filing a timely claim. The offer of settlement was made and the check returned more than a year before the bar imposed by the statute. Counsel was consulted in advance of expiration of the limitation period. Claimant may have believed that a compromise would be effected, but this does not constitute good cause or excuse for failure to file within the statutory time. General Accident Fire & Life Assur. Corp. v. Martin, Tex.Civ.App., 110 S.W.2d 258. The fact that claim-

ant may have been unaware of the statutory requirement to file a claim within the limitation period furnishes no legal excuse for not filing his claim. He is constructively charged with such notice. Young v. Sonoco Products Co., 210 S.C. 146, 41 S.E.2d 860.

The judgment of the trial court is reversed and the order of the Commissioner denying an award is reinstated.

All the Judges concur.