**Wayne W. MOODY, Claimant and Appellant,**

**v.**

**L. W. TYLER, CUSTOM COMBINERS, Employer and Appellee,**

**and**

**Fireman's Fund American Insurance Companies, Insurer and Appellee.**

**No. 12938.**

Supreme Court of South Dakota.

Argued April 17, 1980.

Decided Oct. 8, 1980.

Kayla Bower of Lampkin, Wolfe, McCaffrey & Tanwater, Oklahoma City, Okl., for claimant and appellant; George J. McCaffrey of Lampkin, Wolfe, McCaffrey & Tanwater, Oklahoma City, Okl., Charles P. Schroyer of Schmidt, Schroyer & Colwill, P. C., Pierre, on brief.

David A. Gerdes of May, Adam, Gerdes & Thompson, Pierre, for employer and appellee and insurer and appellee.

WOLLMAN, Chief Justice.

Appellant appeals from the judgment of the circuit court affirming the decision of the Division of Labor and Management denying appellant's claim for worker's compensation against appellees L. W. Tyler, Custom Combiners (employer), and Fireman's Fund American Insurance Companies (insurer). We reverse and remand.

Appellant and employer are residents of the state of Oklahoma. Appellant began working for employer as a truck driver in employer's custom combining operations on July 5, 1973. The employment agreement was entered into in the state of Kansas.

On July 24, 1973, appellant was injured near Martin, South Dakota, when he was run over by employer's truck. Appellant sustained multiple fractures to his pelvis, lower back and right ankle as a result of the accident. Appellant was 17 years of age at the time of the accident.

On July 26, 1973, employer filed an employer's first report of injury with the Kansas Workmen's Compensation Authority.[1] Following certain proceedings before the Kansas Workmen's Compensation Authority, the matter was dismissed for the reason that the Kansas worker's compensation statutes provide no coverage for agricultural pursuits, including custom combining.[2] Prior to dismissal of the proceeding, however, appellant had received from insurer benefit payments under Kansas law amounting to $1,194.66 in temporary total disability payments through January 31, 1974, and $5,045 in medical expenses.

In February 1976, the South Dakota Division of Labor and Management (Division) received a letter dated February 17, 1976, representing the first filing of a claim by appellant under the South Dakota worker's compensation statutes. The Division denied appellant's claim on the ground that it had not been timely filed.[3] The decision of the Division was affirmed by the circuit court. This appeal followed.

It is a general rule that worker's compensation statutes should be liberally construed in favor of injured employees. "The Workmen's Compensation Act is remedial, and should be liberally construed to effectuate its purpose." *Meyer v. Roettele*, 64 S.D. 36, 40, 264 N.W. 191, 193 (1935); see also *Johnson v. Skelly Oil Co.*, 288 N.W.2d 493 (S.D. 1980); *Bearshield v. City of Gregory*, 278 N.W.2d 166 (S.D.1979).

◼ Employer had knowledge of claimant's injury on the date of the injury. Accordingly, the specter of having to defend against a stale claim does not overshadow these proceedings.

This court has previously stated the reason for the statute of limitations in Workmen's Compensation cases: "The purpose of requiring a claim for compensation to be filed by an injured employee, like notice of injury, is to protect employers against stale claims which cannot be promptly investigated."

*Novak v. C. J. Grossenburg & Son*, 89 S.D. 308, 317, 232 N.W.2d 463, 468 (1975), quoting *Tegels v. Western Chevrolet Co.*, 81 S.D. 592, 596, 139 N.W.2d 281, 283 (1965). What we said in *Tegels* is applicable here: "The employee's failure to file a formal timely claim . . . in no way prejudiced the employer or its insurer. Both had notice of the injury and it was promptly and continually investigated." 81 S.D. at 596, 139 N.W.2d at 283.

Although we have characterized the filing of a claim as a condition precedent to the right of an injured employee to prosecute proceedings seeking compensation, we have recognized reasons or excuses for nonfiling and late filing. *Tegels*, supra, 81 S.D. at 596, 139 N.W.2d at 283. For example, in *Bailey v. Hess*, 55 S.D. 602, 227 N.W. 69 (1929), an employee's failure to file a formal claim was excused on the grounds that a settlement agreement between the employer and employee filed with the Industrial Commissioner could be substituted for the required claim.

---

1. Kan.Stat.Ann. § 44–557 (1973).

2. Kan.Stat.Ann. § 44–505 (1973).

3. SDCL 62–7–35 states:
   The right to compensation under this title shall be forever barred unless within two years after an injury, or if death results therefrom, within two years after the death, a claim for compensation thereunder is filed with the department. However, if either payment of compensation or reimbursement or payment of medical and hospital expenses under § 62–4–1 has been made on account of an injury or death, a claim may be filed within two years from the date of the last payment.

When, however, the employer and employee have reached an agreement in regard to the compensation under the Workmen's Compensation Law, filed a memorandum thereof with the Industrial Commissioner, and secured his approval of the agreement . . . [t]o permit the employer to thereafter avoid liability merely because no claim for compensation had been filed with the Industrial Commissioner . . . would neither be just nor reasonable.

55 S.D. at 606, 227 N.W. at 71. Likewise, in *Middleton v. City of Watertown*, 70 S.D. 158, 160, 16 N.W.2d 39, 40 (1944), we called a similar compensation agreement "the equivalent of a claim for compensation."

In *Tegels* we held that where an employer had notice of an injury and its insurer had made payments to a claimant, the employee's right to compensation was not barred by his failure to file a formal claim within the statutory period. There, compensation was paid claimant weekly and receipts were filed with the Industrial Commissioner. Correspondence from the insurer revealed that claimant was told that payments would continue until he returned to work or was discharged by a doctor. Payments were made for some thirteen weeks. This series of events created a situation tantamount to an agreement to pay compensation, which the Court held obviated the necessity of filing a formal claim.

Appellees argue, however, that our subsequent holding in *Klein v. Menke*, 83 S.D. 511, 162 N.W.2d 219 (1968), limited *Tegels* to its facts. *Klein*, however, lacked the element of the voluntary payment of substantial benefits, and to that extent is distinguishable from *Tegels*. Accordingly, we decline to construe *Klein* as constituting a limitation upon the increasingly liberal interpretation this Court has placed upon those acts that are tantamount to the filing of a claim under SDCL 62-7-35.

We conclude that the filing of the employer's first report of injury with the Kansas equivalent of our Division of Labor and Management and the payment of substantial sums in the way of disability benefits and medical payments constituted the functional equivalent of what occurred in *Tegels*. Admittedly, the elements of the filing of correspondence from the insurer to the claimant, receipts for weekly payments, and medical reports are not present in the instant case. What is lacking, however, should not overshadow that which is present—the immediate knowledge on the part of the employer of the fact of the injury; the immediate filing by the employer with the Kansas authorities of the report of the injury; and, most important, the voluntary commencement by insurer of the payment of substantial benefits on appellant's behalf. Indeed, the actual payment of more than $6,000 in benefits speaks as loudly as did the correspondence in the *Tegels* case concerning the insurer's intention to continue payments. Accordingly, we hold that the facts here support a determination that at the very least a tacit agreement had been reached regarding compensation.

There remains the question whether the *Tegels* holding is inapposite because the filing of the report of injury and the payment of benefits occurred in Kansas rather than in this state. We conclude not. Although it may be true that the requirement of a timely filed claim cannot be avoided on the equitable grounds of waiver or estoppel, *Klein v. Menke*, supra, nevertheless the spirit of our holdings in the *Tegels, Bailey,* and *Middleton* cases, supra, mandates that we accept a less than literal compliance with the provisions of SDCL 62-7-35 as being jurisdictionally adequate. This is not a case of forum shopping by appellant. It was employer and insurer who chose the initial forum whose statutes relieved them of the liability for the payment of benefits. To hold that the actions of the employer and insurer vis-a-vis appellant constituted an agreement for compensation that satisfied the requirements of SDCL 62-7-35 does no violence to the underlying purpose of that statute, which, as we stated in *Novak* and *Tegels*, supra, is to protect employers against stale claims. To that extent, SDCL 62-7-35 is more a statute of limita-

tions, which, as we held in *Arbach v. Gruba*, 89 S.D. 322, 232 N.W.2d 842 (1975), is a defense that can be avoided on the basis of waiver or estoppel, than an embodiment of a jurisdictional prerequisite to the prosecution of a claim for compensation. Indeed, in *Klein*, supra, the Court referred to the predecessor statute to SDCL 62–7–35 as a statute of limitations. 83 S.D. at 516–517, 162 N.W.2d at 222. Even if the filing of a claim is considered jurisdictional, however, what constitutes a filing is subject to broad interpretation. Although our holding that the acts by employer and insurer in the instant case constituted a satisfaction of the requirements of SDCL 62–7–35 represents an extension of our holdings in *Tegels, Bailey,* and *Middleton,* we believe that our holding is consistent with the spirit of those decisions and with our liberal interpretation of the worker's compensation statute and is warranted by the facts before us.

The judgment appealed from is reversed, and the case is remanded to the circuit court with directions to remand the matter to the Division of Labor and Management for further proceedings.

DUNN, MORGAN and FOSHEIM, JJ., concur.

HENDERSON, J., concurs specially.

HENDERSON, Justice (concurring specially).

Appellant's right to compensation should not be barred by his failure to file a formal claim within the statutory period for the following reasons:

1. Appellant was a seventeen–year–old Oklahoma boy, under the dominion and control of an Oklahoma employer, who was working for a combine operation in South Dakota. He did not select the forum for litigation and should not be bound by employer's choice to proceed under the Kansas Workmen's Compensation Authority; Kansas was the state where the contract of employment was entered into.

2. Employer, knowing that this boy was severely injured in South Dakota, failed to file a report of injury in South Dakota, as required by SDCL 62–6–2. If an Oklahoma employer–combiner wants to combine wheat in South Dakota, he should comply with the laws of this state. Employer should not reap a benefit from his own wrongdoing.

3. Appellant received $6,239.66 in benefits from insurer with absolutely no objection by employer, thereby acknowledging liability unto appellant. Insurer and employer elected to indemnify appellant for his injuries, since appellant had a compensable injury under the laws of South Dakota.

4. Employers should not be permitted to lull unsuspecting injured workmen, especially minors, into believing that their claim is compensable and then yank the rug out from under them, leaving them with broken bones and memories of a body that once produced an honest day's labor. Workmen's compensation acts are enacted to alleviate hardships, not create them.