GERALD ANDREJCAK, PETITIONER-APPELLANT, v. ELMORA BAKE SHOP, RESPONDENT-APPELLEE.

Superior Court of New Jersey
Appellate Division

Submitted December 23, 1981—Decided February 2, 1982.

568

Before Judges MATTHEWS, PRESSLER and PETRELLA.

*Kovacs, Horowitz & Rader*, attorneys for appellant (*Sanford Rader* on the brief).

*William K. Miller*, attorney for respondent.

The opinion of the court was delivered by

MATTHEWS, P. J. A. D.

On February 23, 1973 petitioner was involved in an automobile accident while making a delivery for his employer. Petitioner was taken to Rahway Hospital where Dr. Shutello, orthopedic surgeon on duty, treated him for a severe fracture of the right hip. Traction did not reduce the fracture and Dr. Shutello eventually operated to pin it. Petitioner was discharged from the hospital on March 17, 1973. He went to Dr. Shutello for a follow-up visit on March 26, 1973.

On March 29, 1973 petitioner filed a claim petition with the Division of Workers' Compensation.

Petitioner continued under Dr. Shutello's care. There were six additional office visits in 1973 and five in 1974. In 1974 Dr. Shutello performed two more operations, one to remove the pin and the other to remove a bony mass that developed in the fracture area. Dr. Shutello saw petitioner three times in 1975 and on the last of those visits, August 5, 1975, discharged petitioner, instructing him to return on an "as needed basis."

Respondent's insurer paid Dr. Shutello for services rendered to petitioner until May 1975.

On September 11, 1975 Dr. Shutello advised respondent that petitioner's prognosis was guarded. He received no authorization from either respondent or its insurer to provide further treatment, but he testified that he "assumed that it was a continuum service for the same problem."

Petitioner continued under Dr. Shutello's care; office visits were made on April 30 and May 15, 1976, x-rays were taken during the former visit.

On May 27, 1976 a hearing was conducted on petitioner's claim. Sometime prior to this hearing (the record does not reflect the date) petitioner recovered $100,000 from a third-party claim arising from the same accident.

The judge of compensation approved the following settlement: temporary disability for 135³/₇ weeks at $108 a week, totaling $14,626.29; permanent disability for 220 weeks at $40 a week, totaling $8,880; medical expenses, $6,382.20. Respondent's obligations totaled $29,808.49, but respondent had previously paid $22,328.48 in total satisfaction of the medical bills and the temporary disability award, and in partial satisfaction of the permanent disability award. $7,480 in permanent disability was unpaid. At $40 a week petitioner was entitled to receive permanent disability payments for 187 weeks, or 3.59 years.

Petitioner's third-party recovery, however, affected payment of the workers' compensation award. Because petitioner recovered $100,000, expending 20% of that amount in counsel fees, respondent's liability was limited to $5,961.70. See *N.J.S.A.* 34:15–40. Respondent was entitled to reimbursement in the amount of $16,366.79. Petitioner previously had reimbursed respondent in the amount of $14,578.99 and still owed $1,787.80. Apparently as part of the settlement, petitioner was not required to repay this amount. The judge of compensation explained: "You won't be getting anything here."

According to petitioner's application for modification, final payment of compensation under this award was made on July 4, 1976. There is no other evidence of a payment on this date and

no explanation as to why respondent would make another payment.

On August 17, 1976 petitioner paid Dr. Shutello for office visits in April, May and June 1976.

Dr. Shutello continued to observe petitioner's condition. Petitioner complained that he experienced pain while walking. On February 24, 1977 Dr. Shutello discovered deterioration of petitioner's right femur and advised petitioner to undergo surgery for a total hip replacement. That operation was performed on October 12, 1977. The bills for this operation and subsequent office visits have been partially paid by Medicare; the remainder is unpaid.

Petitioner claims that he notified his attorney of this medical care, but he admits that he did not ask respondents to supply the treatments.

On November 24, 1978 petitioner filed an application for review and modification of the settlement award. Respondent answered on December 22, 1978 and petitioner filed a certificate of readiness on May 25, 1979. Hearings on this petition were held on April 24, 1980 and November 20, 1980. At the time of the hearings petitioner was still unemployed and claimed he was unable to resume his past occupation or to assume the new occupation for which he had been trained.

On January 23, 1981 the compensation judge dismissed petitioner's application for modification on the grounds that it was not filed within the jurisdictional time limits proscribed by *N.J.S.A.* 34:15–27. The judge concluded that the treatment rendered by Dr. Shutello after settlement did not constitute payment because petitioner failed to request respondent to supply such treatment. He concluded that final payment was made on July 4, 1976, more than two years prior to the filing of petitioner's application, which he found untimely.

An "order approving settlement [of a workers' compensation claim] may be reviewed within two years from the date when the injured person last received a payment ...." *N.J.S.A.*

34:15–27. It has been held that this time limitation is jurisdictional. *O'Keefe v. Johansen Co.*, 117 *N.J.Super.* 364, 366 (Cty.Ct. 1971), rev'd on other grounds 122 *N.J.Super.* 45 (App.Div.1973). The Supreme Court has stated the basis of this "statutory limitation [is] freeing employers from all compensation obligations for specific injuries once two years have passed from the date of the accident or the last payment of compensation, whichever is later. [This limitation] is within the legislative province and as such must be accepted by the judiciary." *Sa v. H. L. Harrison & Son, Inc.*, 38 *N.J.* 203, 208 (1962). The court has further noticed the administrative and practical difficulties attending indefinite and extended periods for modification of compensation awards. *Id.* at 208.

■ Neither deference to the Legislature nor the policies supporting a limited statute of limitations for modifications of awards supports a literal construction of the term "payment" in this case. Petitioner was awarded temporary and permanent disability according to a statutory schedule; he was not paid according to a statutory schedule because he recovered for the compensable injury in a third-party action. Pursuant to the approved settlement, petitioner actually reimbursed respondent for nearly 20% of respondent's exposure. In such a case identification of an actual date of when petitioner last received payment would be arbitrary: it might be the last date petitioner received payment before he reimbursed respondent, or it might be the date of settlement approval when petitioner was relieved of the duty to reimburse respondent for the full amount. Neither choice is clearly superior. Examination of the statutory policy on payment indicates that date of last payment in cases of third-party recovery should be the date when payments would expire if petitioner were compensated according to the schedule of benefits awarded.

The essence of the scheme of the Workmen's Compensation Act is "to provide weekly compensation, in lieu of wages, to the injured employee during the period of his disability * * * commutation of the payments is out of the normal course." [*Verra v. Hoboken*, 70 *N.J.Super.* 422, 426 (App.Div.1961) (quoting *King v. Western Electric Co.*, 122 *N.J.L.* 442 (Sup.Ct.1939)]

*N.J.S.A.* 34:15–25 establishes criteria for determining when commutation is permissible and provides that unless the criteria is satisfied "no compensation payments shall be commuted." The Supreme Court has determined that where the payments are commuted, the last date of payment is not the actual payment but rather the date when the payments apportioned weekly, in accordance with the statutory scheme, mature. *King v. Western Electric Co.,* 122 *N.J.L.* 442 (Sup.Ct.1939):

> This construction gives expression to the spirit of the statute, for the essence of the scheme is to provide weekly compensation, in lieu of wages, to the injured employee during the period of his disability, or to his dependents in the event of his death, not to exceed the prescribed maximum, and, in the effectuation of this purpose, to permit additional allowances for increased disability, if the application therefore is made within two years from the date of the last compensation payment, even though made under a formal award. [citations omitted] Commutation of the payments is out of the normal course, and has no relation to the employe[e]'s right to compensation. [at 448]

*Cf. Larson, Workmen's Compensation,* § 81.20 at 15–478 (discussing reopening of compensation awards for changed conditions and noting that where lump sum payments are involved the date chosen is usually the date that periodic payments would have ended).

We see no reason why the same method of calculation should not be employed in cases where the employee recovers in a third-party action. The action allowing the employee credit for such a recovery does not indicate an intent to alter the employee's right to compensation or the means of determining that right. Section *N.J.S.A.* 34:15–40(b) provides:

> (b) If the sum recovered by the employee or his dependents from the third person or his insurance carrier is equivalent to or greater than the liability of the employer or his insurance carrier under this statute, the employer or his insurance carrier shall be released from such liability and shall be entitled to be reimbursed, as hereinafter provided, for the medical expenses incurred and compensation payments theretofore paid to the injured employee or his dependents less employee's expenses of suit and attorney's fee as hereinafter defined.

The section establishes the employer's right to reimbursement for compensation owing and paid pursuant to the statutory scheme.

Petitioner was entitled to an additional 187 weeks of compensation on May 27, 1976. This period of compensation did not expire until approximately 3½ years after that date. If the date of last payment is calculated by determining the expiration date of the periodic payments, petitioner's application for modification filed on November 24, 1978 was well within the statute of limitations. *N.J.S.A.* 34:15–27.

"Under the axiomatic principle that the language of the workmen's compensation act must be liberally construed in favor of the claimant," *Close v. Kordulak Bros.*, 44 *N.J.* 589, 604 (1965), and in absence of legislative instruction or judicial precedent to the contrary, final payment in the case of third-party recoveries should be the date when the awarded periodic payments would end if they had been paid according to the preferred statutory scheme. This construction does not expand the time period for applications of review beyond the "usual" time and thus furthers the policy of the act without creating additional problems of proof.

An employee seeking workers' compensation in the form of medical benefits must first request the employer to supply such care; if there is no demand there is no liability. *Benson v. Coca Cola Co.*, 120 *N.J.Super.* 60, 64 (App.Div.1972). Petitioner acknowledges that he neither requested nor received authorization for medical treatment rendered by Dr. Shutello after the issuance of the order approving settlement.

A demand for treatment is not necessary, however, where it would be futile. *Id.* There was evidence that Dr. Shutello informed respondent of petitioner's guarded prognosis prior to settlement, but there was no evidence of any reply by respondent. The compensation judge noted that it was unclear whether the doctor submitted bills to respondent or its insurer after May of 1975. In addition, petitioner did not establish that request for treatment would have been futile. His argument that the fact that the request would either have been granted or denied, or that petitioner would have merely been sent to another physician does not establish futility.

■ Petitioner's failure to request medical treatment does not bar his application for modification, for the date of final payment is to be computed with reference to the periodic payments awarded. On remand petitioner should be given an opportunity to develop the facts establishing futility, or to present evidence of a request if there was one. His failure to do so will result in a bar to recovery for the medical expenses in question, but will not bar recovery for increased disability. *See Goldklang v. Metropolitan Life Ins. Co.*, 130 *N.J.Super.* 307, 312 (App.Div. 1974), aff'd o.b. 66 *N.J.* 7 (1974).

Reversed and remanded.