Lavina L. HEUPEL,
Claimant/Appellant,

v.

IMPRIMIS TECHNOLOGY, INC.,
Employer/Appellee,

and

Aetna Insurance Company and
Gulf Insurance Company,
Insurers/Appellees.

Nos. 17338, 17357 and 17358.

Supreme Court of South Dakota.

Argued May 21, 1991.

Decided July 17, 1991.

Vicki L. Tucek, Rice & Ewinger Law Offices, Aberdeen, Gary D. Jensen, Rapid City, for claimant and appellant.

Barbara Anderson Lewis, Sioux Falls, for appellees, Imprimis & Aetna.

Greg Strommen, Rapid City, for appellee, Gulf.

WUEST, Justice.

While working for Imprimis Technology, Inc. (Imprimis) in Aberdeen, South Dakota, LaVina Heupel was exposed to certain chemical fumes which caused her serious difficulty in breathing. Heupel informed her manager of her difficulties and steps were taken to limit her exposure to the chemicals. However, Heupel continued to suffer difficulty breathing, and on December 4, 1987, she voluntarily terminated her employment with Imprimis. A voluntary termination document signed by Heupel cited "medical reasons" for her leaving.

Several months after Heupel terminated her employment, she was advised by Dr. David E. Williams of the Mayo Clinic in Rochester, Minnesota, that her lung problems were work-related. Heupel retained an attorney [*] in April 1988, to pursue her claim for workers' compensation based upon her lung problems. However, it was not until April 1989, that Heupel gave Imprimis written notice of her claim for workers' compensation.

Heupel filed a petition dated April 20, 1989, with the South Dakota Department of Labor, Division of Labor and Management (Department) seeking benefits for an occupational disease. Imprimis and its insurers, Aetna Insurance Company and Gulf Insurance Company (Insurers), denied Heupel suffered from a work-related disability

and affirmatively alleged her claim was barred for failure to give written notice as required by statute. The Department acknowledged Heupel had not timely filed written notice of her claim with Imprimis, but permitted her to submit evidence that Imprimis and Insurers were equitably estopped from asserting lack of written notice as a defense.

After accepting evidence in her case, the Department found Heupel had failed to timely file written notice pursuant to SDCL 62–8–13 and SDCL 62–8–29, set forth *infra*. Without specifically acknowledging that equitable estoppel was a defense, the Department also found Heupel had failed to establish the elements necessary to estop Imprimis and Insurers from asserting the written notice defense. Accordingly, Heupel's petition was dismissed with prejudice.

Heupel appealed the decision of the Department to circuit court, which affirmed. She appeals to this court and raises two issues:

I. Whether failure to serve written notice of an occupational disease pursuant SDCL 62–8–13 and 62–8–29 mandates dismissal of the claim, and

II. Whether Imprimis and its Insurers are equitably estopped from asserting lack of written notice as a defense to her claim for benefits.

Imprimis and Insurers cross-appeal; however, we deem it unnecessary to address their contentions under our holding.

**I.**

Two statutory provisions of SDCL ch. 62–8 are relevant to the written notice issue. SDCL § 62–8–13 provides:

An employer shall not be liable for compensation or other benefits under the provisions of this chapter for disability or death unless *notice of disability and claim for compensation* has been given and made to the employer *in writing*

---

[*] Claimant was not represented by appellate counsel at this time.

within the time fixed in §§ 62–8–29 to 62–8–32, inclusive. (Emphasis added).

SDCL 62–8–29 provides:

Unless written notice of an occupational disease shall be given by the worker to the employer within six months after the employment has ceased in which it is claimed that the disease was contracted, ... all rights to compensation for disability, ... from an occupational disease shall be forever barred.

■ It is clear Heupel failed to give timely written notice as contemplated by the occupational disease statutes. The voluntary termination document signed by Heupel when she left Imprimis does not meet the requisite notice criteria and cannot operate as the required statutory notice: The voluntary termination statement gives no indication of the medical problem suffered by Heupel, identifies no alleged causal connection between the workplace and her medical condition and, moreover, makes no claim for compensation. Heupel gave adequate notice when she filed her petition with the Department in April 1989, but this was well over a year after she terminated her employment with Imprimis.

■ Heupel argues Imprimis had actual knowledge of her occupational disease and, thus, she is excused from meeting the statutory notice requirements. Even assuming Imprimis knew of her disease and claim for compensation, the statutory language of SDCL 62–8–13 and –29 clearly and unambiguously requires written notice of an occupational disease be given by the employee to the employer within six months after employment has ceased. Notwithstanding the general rule that workers' compensation statutes are to be construed liberally, *South Dakota Medical Service, Inc. v. Minnesota Mut. Fire and Cas. Co.*, 303 N.W.2d 358, 361 (S.D.1981), we will not liberally construe a statute to avoid a seemingly harsh result where such construction would do violence to the plain meaning of the statute. *Sioux Valley Hospital Ass'n v. Yankton County*, 424 N.W.2d 379, 382 (S.D.1988); *Simpson v. Tobin*, 367 N.W.2d 757, 763 (S.D.1985); *Wilhelm v. Narregang–Hart Co.*, 66 S.D. 155, 279 N.W. 549

(1938). Quite simply, Heupel failed to meet the clear command of the statutory notice requirement. We affirm the Department and circuit court on this issue.

## II.

■ Heupel asserts that Imprimis and Insurers are equitably estopped from defending on the basis of the written notice requirement. The Department permitted Heupel to present evidence on this issue without specifically finding the doctrine of equitable estoppel was applicable. The Department found Heupel had not established the essential elements of equitable estoppel, even if it were applicable. We agree.

In order to constitute equitable estoppel, false representations or concealment of material facts must exist; the party to whom it was made must have been without knowledge of the real facts; th[e] representations or concealment must have been made with the intention that it should be acted upon; and the party to whom it was made must have relied thereon to his prejudice or injury. There can be no estoppel if any of these essential elements are lacking, or if any of them have not been proved by clear and convincing evidence.

*L.R. Foy Constr. Co., Inc. v. South Dakota State Cement Plant Comm'n*, 399 N.W.2d 340, 344 (S.D.1987) (*citing Taylor v. Tripp*, 330 N.W.2d 542, 545 (S.D.1983)).

Heupel failed to prove these essential elements. There is simply no evidence that Imprimis concealed or falsely represented any material facts with respect to Heupel's claim for compensation or the written notice requirement. Heupel argues Imprimis falsely represented or concealed its responsibilities to document and report work-related injuries. Even if this were true, there is still no evidence that Imprimis falsely represented or concealed *Heupel's responsibility* to give timely written notice of her claim for compensation. Moreover, Heupel had knowledge of the real facts. She was informed by her doctor that her lung problem was work-related and hired an attorney to pursue her claim prior to the tolling of the statutory notice period.

Therefore, even if equitable estoppel were available, Heupel has failed to make her case.

We affirm.

MILLER, C.J., and AMUNDSON, J., concur.

HENDERSON, J., concurs in part and concurs in result in part.

SABERS, J., concurs specially.

HENDERSON, Justice (concurring in part; concurring in result in part).

I concur on issue one.

I concur in result on issue two because of the rationale in reaching the merits on equitable estoppel. It appears that this Court, in *Moody v. L.W. Tyler Custom Combiners*, 297 N.W.2d 179 (S.D.1980) recognized that the requirement of a timely filed claim cannot be avoided on a theory of waiver or equitable estoppel. Further, this writer has written on the Doctrine of Equitable Estoppel for a decade insisting that the early, and solid, cases in this Court did not require the element of false representation. *See*, majority opinion written by this special writer in *Sander v. Wright*, 394 N.W.2d 896 (S.D.1986) and similar expressions in other writings that there are times and factual scenarios which can trigger the Doctrine of Equitable Estoppel. *See*, concurrence in result by Henderson, J., in *L.R. Foy Construction. See also, Willadsen v. Crawford*, 75 S.D. 161, 60 N.W.2d 692 (1953) to support my continued position and *Somers v. Somers*, 27 S.D. 500, 504, 131 N.W. 1091, 1093 (1911). Later writings in this court have narrowed this hoary old doctrine to, unfortunately, eliminate its spiritual birth from the Lady of Equity.

SABERS, Justice (concurring specially).

I concur specially on the basis that even assuming the employer had actual notice of Heupel's medical disability, employer certainly had no timely notice in writing of any *claim for compensation* based on the disability as required by SDCL 62–8–13, or notice in writing of an occupational disease as required by SDCL 62–8–29.