2001 SD 5

**Berton N. HYATT, Employee, Claimant and Appellee,**

v.

**HARVEST STATES COOPERATIVE, Employer and Appellant,**

and

**National Union Fire, Insurer and Appellant.**

No. 21372.

Supreme Court of South Dakota.

Considered on Briefs Oct. 23, 2000.

Decided Jan. 10, 2001.

Mark A. Reedstrom of Ash & Reedstrom, Milbank, SD, Attorneys for employee, claimant and appellee.

Susan Brunick Simons of Davenport, Evans, Hurwitz & Smith, Sioux Falls, SD, Attorneys for appellants.

MILLER, Chief Justice

[¶ 1.] In this discretionary appeal we reverse the circuit court and hold that a claimant's petition for medical bills in an occupational disease claim was time-barred by the statute of limitations.

## FACTS

[¶ 2.] Berton N. Hyatt (Claimant) worked for Harvest States Cooperative (Employer) from May 1, 1983 until May 31, 1990. Claimant's employment with Employer exposed him to dust and various particles. The exposure caused him to develop the occupational diseases of emphysema and bronchospactic pulmonary disease. He timely filed an occupational disease notice with Employer on September 10, 1990. Employer denied Claimant benefits, and, on November 13, 1990, he timely petitioned the Department of Labor for a hearing.

[¶ 3.] After discovery, the parties reached an agreement that was incorporated into a Memorandum of Payment pursuant to SDCL 62–8–45. The Department approved the Memorandum of Payment on August 21, 1991. The approved agreement provided a commuted lump-sum payment of $30,000 for permanent partial disability based on a weekly compensation rate of $261.33. Further, the agreement contained a provision requiring Employer to pay Claimant additional compensation as is medically determined applicable if his percentage disability increased due to the disease. It also contained a provision obliging Employer to pay future medical expenses if Claimant's occupational disease required additional medical treatment.

[¶ 4.] Claimant did receive additional medical treatment due to the occupational lung diseases in 1991, 1992, 1993 and 1994. He wrote to the Department on January 31, 1995 stating he had "a lot" of medical bills and inquiring where he should send them. The Department provided him with the address of Employer's third party administrator for submission of his unpaid medical bills. Claimant sent the unpaid medical bills to the third party administrator, which included bills for medical treatment provided in May 1991, June 1992, January 1993, March 1993, September 1994 and December 1994. Employer's third party administrator paid all of these medical bills.

[¶ 5.] In March 1995, Claimant discovered he suffered from heart disease and coronary artery disease. He received medical treatment for these conditions in 1995, 1996 and 1997. Employer paid medical bills for such treatment until July 8, 1997 when it denied him further benefits for the heart-related medical treatments because it did not consider his heart problem work-related. Employer, however, did not make its last payment for heart-related medication until June 1998.

[¶ 6.] Claimant filed a petition for hearing before the Department on February 5, 1998. The parties agreed to bifurcate the issues to allow the Department to first decide the statute of limitation issue. The parties stipulated to the facts, as set forth above, and submitted briefs to the Department. The Department decided Claimant's petition for hearing was barred by the statute of limitations. He appealed to the circuit court, which reversed and remanded deciding the petition was not time barred. Employer/Insurer filed for dis-

cretionary appeal with this Court, which we granted. We reverse the circuit court.

## STANDARD OF REVIEW

[¶ 7.] This appeal presents a legal question regarding statutory application. Our review of the Department's legal conclusions is de novo and the circuit court's decision enjoys no presumption of correctness. *Thomas v. Custer State Hosp.*, 511 N.W.2d 576, 579 (S.D.1994).

## DECISION

[¶ 8.] The sole legal question in this appeal is whether the Department correctly applied the limitations on occupational disease claims found in SDCL 62–8–32 and SDCL 62–8–44.

[¶ 9.] SDCL 62–8–32 states, "[w]here compensation payments have been made and discontinued, and further compensation is claimed, the claim for such further compensation shall be made within one year after the last payment." SDCL 62–8–44 pertains to modification of occupational disease awards and states in pertinent part:

> [a]n award ... of compensation for an occupational disease may be reviewed and compensation increased, reduced or terminated where previously awarded ... only upon proof of fraud or of change in the conditions, and then only upon application by a party in interest made not later than one year after the ... award, or, where compensation has been awarded, after the date when the last payment was made under the award....

We recognize that we must apply the South Dakota Occupational Disease Disability Law according to the plain meaning of the statutes. *Heupel v. Imprimis Tech., Inc.*, 473 N.W.2d 464, 466 (S.D.1991) (citations omitted).

[¶ 10.] Both sections 62–8–32 and 62–8–44 refer to "the last payment" as the starting point when the one-year time frame for filing for additional compensa-

tion or a modification of award begins to run. The term "last payment" is not defined within our statutes. The majority of jurisdictions that have faced this question hold that it is not the date of the actual lump-sum payment, but rather it is the date when the last payment actually would have been made if installment payments had been made. *Southern Cotton Oil Co. v. Friar*, 247 Ark. 98, 444 S.W.2d 556, 558–59 (1969); *University of Denver v. Industrial Comm'n of Colo.*, 138 Colo. 505, 335 P.2d 292, 294 (1959); *Allen v. IBP, Inc.*, 219 Neb. 424, 363 N.W.2d 520, 523 (1985); *Andrejcak v. Elmora Bake Shop*, 182 N.J.Super. 567, 442 A.2d 1046, 1049 (Ct. App.Div.1982); *West v. Home Care Resources*, 127 N.M. 78, 976 P.2d 1030, 1033–34 (Ct.App.1999); *Haney v. State Compensation Comm'r*, 138 W.Va. 303, 76 S.E.2d 753, 755 (1953). Accordingly, the triggering date for the statutory period would be determined by deciding when the last installment payment would have been made. We find further support for this view in our own statutes, which show a preference for installment payments. SDCL 62–4–10; SDCL 62–8–32; SDCL 62–8–44.

[¶ 11.] We adopt the majority view that in the context of a commuted lump-sum payment, any applicable statutory limitations for further compensation or modification of the award begins to run from the date when the "last payment" would have been made had the award been paid in installments.

[¶ 12.] If Employer had made installment payments, Claimant's one-year limitations period for filing under sections 62–8–32 or 62–8–44 would have begun two years and two months after August 21, 1991. In this case, Claimant had until October 1994 to file his claim for additional compensation. However, he did not notify the Department of his claim for additional compensation until January 31, 1995, three months after his claims were time-barred. Although Employer did pay the claims, such payments could not revive the stale

claims. *Klein v. Menke,* 83 S.D. 511, 514, 162 N.W.2d 219, 221 (1968). In *Klein* we said, "[w]here the employer does only what the Act requires of him, he does not thereby waive the protective shield of the statute." *Id.* Since Employer could not revive stale claims by initially paying them, Claimant's petition for hearing filed in February 1998 is time-barred for the same reasons the January 1995 claim is time-barred. It falls far outside the one-year time limitation running from the date of the last payment.

[¶ 13.] Claimant argues that the Memorandum of Payment obligated Employer to pay future medical expenses related to the occupational disease. We agree Employer was obligated to pay further medical benefits within the conditions and limitations set forth in the South Dakota Occupational Disease Disability Law, however, the indefinite period Claimant urges contradicts the clear one-year time limitation in SDCL 62–8–32 and SDCL 62–8–44. We take this opportunity to point out that the provisions of the South Dakota Workers' Compensation Law bind employers and employees. SDCL 62–3–3; SDCL 62–8–6.

[¶ 14.] We have noted previously that agreement provisions similar to the provisions in this Memorandum of Payment were nothing more than a restatement of SDCL 62–7–33, which permits review in the case of a change in condition. *Larsen v. Sioux Falls School Dist. No. 49–5,* 509 N.W.2d 703, 708 (S.D.1993) (citing *Call v. Benevolent & Protective Order of Elks,* 307 N.W.2d 138, 140 (S.D.1981)). Similarly, under the South Dakota Occupational Disease Disability Law these provisions would simply be a restatement of SDCL 62–8–32 and 62–8–44, which provide for further compensation and modification of awards, respectively, under the Occupational Disease Disability Law. The difference under 62–8–32 and 62–8–44 is that a one-year time limit applies, and we note that both provisions in the Memorandum of Payment fail to note the time limitation

that applies. Although the Memorandum of Payment is a Department form and gives incomplete information, that fact does not excuse Claimant from complying with the clear mandates of the statutes controlling access to further compensation or modifying an award. *Larsen,* 509 N.W.2d at 708.

[¶ 15.] In this case, Claimant failed to timely file his claims for additional compensation. He filed with the Department a full three months after the claims for additional compensation were time-barred and over three years after a petition for modification was time-barred. Accordingly, we reverse the decision of the circuit court and reinstate the decision of the Department dismissing Claimant's time-barred petition for hearing.

[¶ 16.] Reversed.

[¶ 17.] SABERS, AMUNDSON, KONENKAMP, and GILBERTSON, Justices, concur.